**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CARLOS OTONIEL LOPEZ FLORES,

Petitioner,

v. No. 1:26-cv-02021-SMD-SCY

GEORGE DEDOS, *et al.,*

Respondents.

**ORDER TO SHOW CAUSE REGARDING VIOLATION OF JULY 6, 2026 INJUNCTION**

**THIS MATTER** is before the Court following Federal Respondents' Response to Order Regarding Petitioner's Removal (Doc. 15), filed October 13, 2026. Respondents report that U.S. Immigration and Customs Enforcement ("ICE") transferred Petitioner from New Mexico to Texas on October 3, 2026, and removed him to Honduras on October 5, 2026, notwithstanding the Court's July 6, 2026, Order prohibiting his transfer or removal from the District of New Mexico while this action remained pending. Docs. 6, 15 at 1–2, 15-3 ¶¶12–13. The Court therefore orders Respondents to show cause why sanctions, contempt proceedings, or other appropriate actions should not be considered.

**BACKGROUND**

On June 24, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. Doc. 1. On July 6, 2026, the Court prohibited the Government from transferring or removing Petitioner from the District of New Mexico while this case remained pending. Doc. 6.

On September1, 2026, ICE Deportation Officer Mark Sanchez sought guidance concerning Petitioner's removal and expressly identified the pending injunction. Doc. 15-2 at 3. On October 1, 2026, Sanchez submitted a declaration concerning Petitioner's anticipated removal, and the United States Attorney's Office advised him that it would file a motion to lift the injunction. Docs. 15-2 at 1, 15-3 ¶¶ 10–11.

On October 3, 2026, ICE transferred Petitioner to Camp East Montana in El Paso, Texas. On October 5, 2026, ICE removed him to Honduras. Doc. 15-3 ¶¶ 12–13. Respondents filed their Emergency Motion to Lift Order Enjoining Transfer (Doc. 11) on October 5, 2026. The Court had not lifted or modified its injunction before Petitioner's transfer or removal.

Respondents attribute the violation to a breakdown in communication. Doc. 15 at 2. Sanchez stated that he misunderstood the effect of filing a motion and did not intend to violate the Court's Order. Doc. 15-3 ¶ 14. The October 3, 2026, transfer, however, preceded even the filing of the motion to lift the injunction.

The Court has also previously addressed a violation of a transfer injunction in *Vargas Terceros v. Castro*, No. 2:26-cv-00161-SMD-JHR. Following a show-cause hearing in that case, the Court directed the Government to submit declarations describing measures to prevent future violations. On September 29, 2026, the United States Attorney's Office and ICE submitted declarations outlining those measures, including a case-management hold intended to prevent transfers unless manually removed. *Vargas*, Docs. 38, 40-41. Four days later, ICE transferred Petitioner in this case despite the Court's July 6, 2026, injunction. The Court therefore seeks an explanation of whether the safeguard described in *Vargas* were implemented in Petitioner's case and, if so why they did not prevent his transfer.

The acknowledged transfer and removal, their timing, and the Government's representations concerning compliance procedures warrant further inquiry into circumstances of the apparent violation and whether contempt proceedings, sanctions, or other relief may be appropriate. The Court makes no finding of contempt, willful misconduct, or individual culpability at this stage.

## CONCLUSION

**IT IS HEREBY ORDERED**:

1. **SHOW-CAUSE HEARING.** A hearing is set for October 27, 2026, at 1:30 p.m., before United States District Judge Sarah M. Davenport, in the Mimbres Courtroom, United States District Court, 100 North Church Street, Las Cruces, New Mexico. Respondents shall show cause why they should not be held in contempt or otherwise sanctioned for failing to comply with the July 6, 2026, Order.

2. **WRITTEN RESPONSE.** No later than October 22, 2026, at 5:00 p.m. Mountain Time, Respondents shall file a supplemental response addressing: (1) who authorized and carried out Petitioner's October 3 transfer and October 5 removal, including each person's name, title, and role; (2) whether the July 6, 2026 injunction, corresponding transfer hold, and case-management notifications were entered into ICE's system and, if so, whether, when, by whom, and on whose authority any hold was removed, overridden, or bypassed; and (3) whether the compliance procedures described in *Vargas*, Docs. 40–41, were followed in Petitioner's case and, if not, why. Respondents shall identify the records supporting their response and provide a detailed timeline of relevant communications among ICE Enforcement and Removal Operations, the Office of the

Principal Legal Advisor, and the United States Attorney's Office. Nothing in this Order requires any individual to waive an applicable privilege against self-incrimination.

3. **APPEARANCES.** The assigned Assistant United States Attorney, Keythan F. Park; Mr. Park's direct supervisor, Las Cruces Criminal Chief Richard C. Williams, Civil Chief Roberto D. Ortega, and First Assistant United States Attorney Ryan Ellison, for the United States Attorney's Office of the District of New Mexico; ICE Deportation Officer Mark Sanchez and Christopher D. McGregor, Acting Field Office Director for ICE Enforcement and Removal Operations ("ERO"), El Paso Sector, or the current official holding that position, **SHALL PERSONALLY APPEAR** at the October 27, 2026 hearing. Respondents shall also identify and arrange for the appearance of the responsible supervisory attorney from ICE's Office of the Principal Legal Advisor ("OPLA") and the ERO supervisor responsible for authorizing Petitioner's transfer and removal, if different from the individuals identified above.

Respondents shall further identify, by name, title, and supervisory chain of command, all additional USAO, OPLA, and ERO personnel materially involved in communicating or implementing the July 6, 2026 injunction, advising on or approving Petitioner's transfer or removal, maintaining or modifying any transfer hold, or coordinating the October 3 transfer and October 5 removal. The Court reserves the authority to require additional appearances upon appropriate notice and in accordance with applicable procedural protections.

4. **PRESERVATION OF RECORDS.** Respondents shall promptly take appropriate steps to preserve relevant communications, court-order notifications, case-management records and audit histories, transfer-hold records, transportation

authorizations, removal records, and related materials concerning Petitioner's transfer and removal.

5. **FURTHER PROCEEDINGS.** The Court reserves determination of contempt, sanctions, and any further proceedings pending consideration of Respondents' supplemental response and the October 27, 2026 hearing.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**