**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CARLOS OTONIEL LOPEZ FLORES,

*Petitioner*,

v. No. 1:26-cv-02021-SMD-SCY

TODD BLANCHE, *et al.*,

*Respondents*.

**ORDER DISMISSING PETITION AS MOOT**
**AND DISCHARGING ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), Petitioner's Motions for Custody Release (Docs. 9, 10), Respondents' Emergency Motion to Quash Order Enjoining Transfer (Doc. 11), and the Court's Order to Show Cause (Doc. 16). Having reviewed the record and considered the representations made at the October 27, 2026 hearing, the Court concludes that the Petition and pending motions are moot and that the show-cause proceedings should be concluded.

On June 24, 2026, Petitioner filed a petition under 28 U.S.C. § 2241 challenging his continued immigration detention and requesting immediate release. Doc. 1. On July 6, 2026, the Court ordered Respondents to answer the Petition and prohibited them from transferring or removing Petitioner from the District of New Mexico while the case remained pending. Doc. 6.

On October 3, 2026, Immigration and Customs Enforcement ("ICE") transferred Petitioner from New Mexico to Texas. On October 5, 2026, Respondents filed an emergency motion seeking to lift the Court's transfer restriction. Doc. 11. ICE subsequently removed Petitioner to Honduras without obtaining an order lifting the restriction. Respondents acknowledged that the transfer and removal violated the Court's July 6 Order. Doc. 18.

On October 16, 2026, the Court ordered Respondents to show cause why they should not be sanctioned or held in contempt for violating its July 6 Order. Doc. 16. Respondents filed their response on October 22, 2026. Docs. 18, 19. The Court held a show-cause hearing on October 27, 2026, during which it examined the circumstances surrounding the transfer and removal, the communications between ICE and government counsel, and the procedures intended to prevent violations of judicial orders. Doc. 21.

At the hearing, the Court expressed serious concern that an ICE officer could remove a judicial hold without independent confirmation that the Court had authorized the transfer or removal. The Court nevertheless determined that further civil or criminal contempt proceedings were not warranted under the circumstances presented. The Court instead directed that the matter be referred for agency review and requested information concerning additional safeguards to prevent similar violations.

In declining to pursue contempt proceedings, the Court considers the substantial volume of immigration cases handled by Respondents and the relatively limited number of reported violations of judicial orders in the District of New Mexico. The Court also considers Respondents' acknowledgment of the violation, their representations that they understand the importance of complying with court orders, and their efforts to improve internal procedures and safeguards. Although the violation is serious, the Court concludes that further civil or criminal contempt proceedings are not warranted here. The Court instead refers the matter for internal agency review to address the circumstances of the violation and prevent its recurrence.

Federal courts possess jurisdiction only over actual, ongoing cases or controversies. U.S. Const. art. III, § 2. A case becomes moot when intervening events make it impossible for the Court to grant any effectual relief. *Church of Scientology of California v. United States*, 506 U.S.

9, 12 (1992). In the habeas context, the petitioner must retain a concrete interest in the relief sought throughout the litigation. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Here, Petitioner sought immediate release from immigration detention. Doc. 1 at 9. Because Petitioner has been removed from the United States and is no longer in ICE custody, the Court can no longer grant the requested release. No effective relief remains available on the detention claims presented. Accordingly, the Petition is moot, and the Court lacks jurisdiction to adjudicate its merits. Petitioner's pending motions seeking release and Respondents' motion seeking to lift the transfer restriction are likewise moot.

The Court's conclusion does not excuse Respondents' violation of its July 6 Order. Rather, consistent with its determination at the October 27 hearing, the Court concludes that the show-cause proceedings should be discharged without further contempt proceedings or sanctions.

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as moot.
2. Petitioner's Motions for Custody Release (Docs. 9, 10) are **DENIED** as moot.
3. Respondents' Emergency Motion to Quash Order Enjoining Transfer (Doc. 11) is **DENIED** as moot.
4. The Court's Order to Show Cause (Doc. 16) is **DISCHARGED,** and the show-cause proceedings are **CONCLUDED**. The Court declines to pursue civil or criminal contempt proceedings or impose sanctions.
5. The Court's July 6, 2026 Order enjoining Petitioner's transfer or removal (Doc. 6) is **DISSOLVED**.

6. The Court will separately enter Final Judgment.

**IT IS SO ORDERED.**

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**